So Ordered.

Signed this 10 day of August, 2026.



_____

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

IN RE:

JACQUELINE KAMAU JOLLY,

                Debtor.

Chapter 7
No. 25-10646-1-PGR

_____

STELA KOEVA

                Plaintiff,

v.

JACQUELINE KAMAU JOLLY

                Defendant.

Adv. Pr. No. 25-90022-1-pgr

_____

APPEARANCES:

JACQUELINE KAMAU JOLLY

SMELYANSKY LAW
*Attorney for Plaintiff*
602 Central Avenue, Suite 102
Albany, NY 12206

*PRO SE*

MAX SMELYANSKY, ESQ.

## <u>MEMORANDUM DECISION AND ORDER GRANTING DEFAULT JUDGMENT</u>

1. Jacqueline Kamau Jolly ("Debtor") filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code (25-10659, Docket No. 1) *pro se* on June 9, 2025.

2. On September 15, 2025, Stela Koeva ("Plaintiff") filed this Adversary Proceeding against Debtor. (Docket No. 1).

3. In the Complaint, Plaintiff asserts one cause of action – that the debt owed by Debtor, in an amount to be determined by a New York State Court, is nondischargeable under 11 U.S.C. § 523(a)(2)(A). *Id.*

4. On December 4, 2025, Plaintiff requested a Clerk's Entry of Default due to Debtor's failure to answer, appear, or otherwise defend the action. (Docket No. 14).

5. The Clerk's Entry of Default was entered on December 5, 2025. (Docket No. 15).

6. On April 1, 2026, Plaintiff moved for default judgment. (Docket No. 30). The Debtor filed a response to the motion. (Docket No. 34).

7. The Court held a hearing and heard argument on Plaintiff's Motion for Default Judgment on June 18, 2026.[1]

---

[1] At the June 18, 2026 hearing, this Court called together three other related adversary proceedings concerning Lanford Leroy Jolly (25-90021-1-pgr & 25-90023-1-pgr) and Jacqueline Kamau Jolly (25-90024-1-pgr). A Motion for Default Judgment was filed by Max Smelyansky, Esq. on behalf of each Plaintiff(s) in each of the referenced adversary proceedings. The arguments the Jollys put forth at the hearing and referenced herein pertain to each adversary proceeding.

8. Max Smelyansky, Esq. appeared on behalf of the Plaintiff and Debtor appeared *pro se*.

9. After the hearing, the matter was deemed submitted and the Court reserved decision.

10. For the reasons outlined below, Plaintiff's Motion for Default Judgment (Docket No. 30) is granted.

## Motion for Default Judgment

11. Federal Rule of Civil Procedure 55 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055.

12. "A plaintiff is not entitled to a default judgment and any concomitant damages as a matter of right simply by virtue of a defendant's procedural default." *Could v. Marconi Dev. Grp., LLC*, No. 19-1454, 2020 WL 2042332, at *2 (N.D.N.Y. Apr. 28, 2020).

13. This Court must determine "whether the plaintiff's allegations are sufficient to establish the defendant's liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

14. Plaintiff seeks a determination that the debt owed by Debtor to Plaintiff is nondischargeable pursuant to § 523(a)(2)(A) as the debt was obtained by false pretenses, false presentations, or actual fraud. (Docket No. 1).

15. To sufficiently plead a claim under § 523(a)(2)(A), the Complaint must allege that (1) the debtor made a false representation, (2) the debtor knew the representation was false, (3) the debtor made the representation with the

intent to deceive the creditor, (4) the creditor justifiably relied on the representation, and (5) the creditor sustained loss or damages that was proximately caused by the false representation. *See Chase Bank, USA v. Vanarthos (In re Vanarthos)*, 445 B.R. 257, 262 (Bankr. S.D.N.Y. 2011).

16. The Complaint sets forth the following facts: Lanford Jolly and Jacqueline Jolly entered into a lease agreement with the Plaintiff on October 13, 2024. During the application process, Lanford Jolly and Jacqueline Jolly failed to disclose their rental history, including a prior eviction, and used a personal email address to impersonate a prior landlord. The Plaintiff relied on the fraudulent representations made in the rental application and rented the premises to the Jollys. Upon the realization that the Jollys made false representations the lease was terminated and an action was commenced in the Saratoga County Supreme Court.[2] Plaintiff suffered damages such as unpaid rent, costs, and fees.

17. At the hearing on Plaintiff's motion for default judgment, Lanford Jolly and Jacqueline Jolly reiterated many of the arguments set forth in their written response – to wit, they filed a Motion to Disqualify Counsel which they believed constituted an answer to the Complaint, the Plaintiff's delay in moving for default indicates a lack of prejudice, and there are many issues

---

[2] On March 17, 2025, the state court entered Summary Judgment in favor of Stela Koeva. (*See* Docket No. 1 at 108-17). The court found that the false statements and omissions were material and that Koeva reasonably relied on the misrepresentations. *Id.* In regard to damages, the court held a trial on May 15, 2025 to determine damages. *Id.* The issuance of a money judgment was deferred due to the Debtor's bankruptcy filing. *Id.* at 119.

and injustices involved in the related state court actions. (*See* Docket Nos. 34 & 37).

18. When asked why the Jollys did not file an answer after the order denying the motion to disqualify counsel was entered, the Jollys stated they were waiting for the Court and they were not properly informed regarding the adversary proceeding. *Id.*

19. Debtor then requested the Court vacate the default and allow them to respond to the Complaint. *Id.*

20. Pursuant to Federal Rule of Civil Procedure 55, as made applicable by Federal Rule of Bankruptcy Procedure 7055, "[t]he court may set aside an entry of default for good cause."

21. In order to determine whether good cause exists, courts in the Second Circuit look at the following factors: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party. *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masontry & Contru., LLC*, 779 F.3d 182, 186 (2d Cir. 2015).

22. Willfulness refers to conduct that is more than merely negligent or careless but is instead egregious and not satisfactorily explained. *Id.* at 187. For a defendant to establish a meritorious defense, "the defendant must present evidence of facts that, if proven at trial, would constitute a complete defense." *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010).

23. Here, the Jollys did not articulate a sufficient meritorious defense. They provided no evidence that, if proven at trial, would constitute a complete defense. *Id.*

24. To the extent the Jollys argue there were issues in the state court action, this Court is precluded from exercising appellate jurisdiction over final state court judgments. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

25. Additionally, a Motion to Disqualify does not constitute a proper response to a complaint. *See Burgess v. United States*, 874 F.3d 1292, 1304 n.3 (11th Cir. 2017) (Carnes, J., concurring) ("Under the Federal Rule of Civil Procedure, upon service of the complaint, the defendant is required either to file an answer (Rule 12(a)(1)(A)), a motion to dismiss (Rule 12(b)), or a motion for a more definite statement (Rule 12[e]))."). An answer was due on November 24, 2025 and was not filed.

26. The Debtor also failed to move for an order to set aside the default entered on December 5, 2025, and the Debtor failed to put forth a sufficient reason why they never responded or otherwise sought an extension of time. Therefore, this Court finds willfulness in the Debtor's failure to answer the Complaint to this date. *See Grp. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 23, 55 (E.D.N.Y. 2022) ("[W]here a defendant provides no justification for the failure to respond or deliberately fails to respond to the complaint, the defendant's default may be considered egregious and not satisfactorily explained." (cleaned up)).

27. Lastly, given that nearly six months have passed between the entry of default and the hearing on the Motion for Default Judgment, the Court finds that the Plaintiff has been prejudiced. *See Teamster Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 479023, at \*4 (D.N.J. Oct. 5, 2011) (finding that the plaintiff was prejudiced when the defendant failed to contact the court or defend the case and it was over six months since the defendant was served).

28. Thus, the Debtor has not demonstrated good cause to set aside the default, and the Court finds Plaintiff's allegations sufficient to sustain a nondischargeability determination pursuant to § 523(a)(2)(A).

For the reasons stated above, Plaintiff's Motion for Default Judgment is GRANTED.

The Clerk of the Court is requested to transmit a copy of this Order to the Debtor by first class mail, postage prepaid.

###